338

# CIRCUIT COURT OF THE CITY OF WINCHESTER

Charles V. Bayliss, Jr.

v.

Dawn H. Woodrum

Case No (Law) 93–109

Lisa M. Palmer

v.

Dawn H. Woodrum

Case No. (Law) 93–110

March 31, 1994

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on March 29, 1994, on the parties Motions in Limine. E. Eugene Gunter, Esquire, appeared for the Plaintiffs; and Carolyn E. Kane, Esquire, appeared for the Defendant. Upon consideration of the argument of counsel, it is adjudged and ordered as follows.

Defendant's Motion in Limine of the Defendant to exclude the testimony of the witness, Wermine, as to her injuries and pregnancy being the cause of certain actions which she took after the collision in which she was involved is granted, and she shall not be permitted to testify about these matters.

Defendant's Motion in Limine to exclude testimony of witnesses based upon the late filing of the witness list is denied.

Defendant's Motion to exclude the property claim of the Plaintiff Charles Bayliss from this action based upon the fact that Colonial Insurance Company is subrogated to his property damage claim by reason of having made a payment pursuant to the contract of insurance between Colonial and Charles Bayliss is denied. Colonial Insurance Company is also the insurer of the Defendant Woodrum, and, based upon the representations of the parties, it appears that there is a dispute about material facts concerning the payment of the collision claim. If there is a dispute between the insurer, Colonial, and its insured, Bayliss, about their rights under the subrogation provisions of the Colonial policy issued to Bayliss, then that is a matter to be resolved by a contract action between Colonial and Bayliss to determine their respective rights to any recovery for the property damage claim. *See* 7A Am. Jur. 2d, *Automobile Insurance*, § 441. There will be a separate verdict form for the property damage claim at the trial of this case, as it is a separate right of action.

The Defendant represented that the witness Olinger will not testify at the trial of this case.

Defendant's Motion in Limine to exclude the testimony of Dr. Thompson about the Plaintiff's deviated septum is denied. Virginia law concerning the admissibility of the testimony of experts has recently been liberalized by the General Assembly's passage of Virginia Code § 8.01–401.3, which now brings Virginia law on the admissibility of expert testimony in congruence with the Federal Rules of Evidence 702 to 705. *See e.g., McMunn v. Tatum*, 237 Va. 558, 565, n. 3, 379 S.E.2d 908 (1989). Therefore, the Court is of the opinion that, even thought the doctor has no opinion on the issue whether the accident caused the injury, the doctor may testify about the fact that the Plaintiff has a deviated septum so long as a foundation is laid that the deviated septum may be caused by trauma like that which the Plaintiff sustained in the accident in question, and that her post accident complaints are consistent with a deviated septum. "Lay testimony of causal connection between an automobile accident and injury is admissible for whatever weight the fact finder may choose to give it, even when medical testimony fails to establish cause or connection expressly." *Todt v. Shaw*, 223 Va. 123, 126–127, 286 S.E.2d 211 (1982); *accord McMunn v. Tatum*, 237 Va. 558, 569, n. 7, 379 S.E.2d 908 (1989) (dentist broke

plaintiff's tooth). The doctor's testimony, in view of the Plaintiff's testimony, may "assist . . . [the jury] . . . to determine a fact in issue . . ." whether the accident caused the deviated septum.

According to the Court of Appeals in *Westmoreland Coal Co. v. Campbell*, 7 Va. App. 217, 224, 372 S.E.2d 411 (1988), "the term 'to a reasonable degree of medical certainty' has no precise meaning under Virginia Law." *Westmoreland* is a workers' compensation case in which the court is assessing the evidence in view of the statutory burden of proof. Many of the cases in which both the Supreme Court and the Court of Appeals have discussed the concept of "a reasonable decree of medical certainty" are in the context of workers' compensation cases, and those rulings are confined to those cases. In the case of *Jenkins v. Winchester Department of Social Services*, 12 Va. App. 1178, 1181, 409 S.E.2d 16 (1991), the Court of Appeals approved the doctor's stating of an opinion based upon "a reasonable degree of medical probability . . . ." *See also Cantrell v. Commonwealth*, 229 Va. 387, 396, 329 S.E.2d 22 (1985); and *see generally* 31 Am. Jur. 2d, *Expert and Opinion Evidence*, §§ 256–260. This Court is of the opinion that a reasonable degree of medical probability is a proper manner of expression for an expert physician witness in a civil negligence case. The term within a reasonable degree of medical certainty is an oxymoron in that certainty is an absolute term, whereas reasonable degree is a relative term and connotes selection from several reasonable choices or diagnoses.

The jury is the judge of the weight of all the evidence including the testimony of expert witnesses. Model Jury Instruction No. I-26. While the jury may not arbitrarily disregard expert testimony, considering all the evidence, it may reasonably reject it. The jury's discretion may be more constrained in professional liability cases, but, even in those, the jury weighs the expert testimony and may reasonably reject expert testimony. *See Rogers v. Murrow*, 243 Va. 162, 167, 413 S.E. 2d 344 (1992) (jury could reject expert physician testimony).

The Plaintiff's motion to exclude any testimony about the post accident disposition of the Plaintiff's vehicle with respect to the foreclosure on the vehicle and the subsequent payment of the collision claim is granted, and this evidence shall be excluded from this trial.