# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Dallas M. Patterson, Sr.

v.

Bob Wade Lincoln-Mercury, Inc.

Case No. (Law) 98-223

Ford Motor Credit Co.

v.

Dallas M. Patterson, Sr.

Case No. (Law) 98-53

June 14, 2000

BY JUDGE EDWARD L. HOGSHIRE

In this civil action stemming from a breached lease agreement, the Plaintiff, Dallas M. Patterson, Sr., has brought both a Motion to Set Aside Verdict and Award New Trial and a Motion for Partial Summary Judgment. The motion to set aside alleges in part that the verdict of the jury, which found for the Defendant Bob Wade Lincoln Mercury, Inc., ("Bob Wade") and the Cross Plaintiff Ford Motor Credit ("Ford Credit"), was contrary to the law and evidence in the case and as such should be set aside, and that a new trial should be awarded. The partial summary judgment motion alleges that provisions of the lease agreement violate the Consumer Leasing Act ("CLA"), 15 U.S.C. § 1667a, rendering the lease unenforceable, and Ford Credit's suit for enforcement of it groundless. For the reasons articulated briefly below, the Court rejects Mr. Patterson's arguments and denies both motions.

Turning first to the motion for a new trial, the Plaintiff concedes that he must meet a high standard. A jury's verdict can only be overturned if it is contrary to the evidence or without evidence to support it, under Virginia Code § 8.01-430. *Rogers v. Marrow*, 243 Va. 162, 166 (1992), *citing Lane v. Scott*, 220 Va. 578, 581 (1979). This can only occur when the verdict is plainly wrong or without credible evidence to support it. Mere conflict in testimony or a reasonable difference of opinion is not sufficient for the trial judge to substitute his own conclusions for those of the jury. *Id.*

In the case at bar, the Plaintiff has alleged a great many errors by the jury and procedural defects by the Court, any one of which might presumably be sufficient to vacate the verdict of the jury and grant a new trial. As such, this decision will address each of these alleged defects in turn.

In regards to the alleged errors of the Court, a number of the Plaintiff's claims are conceptually related. The Plaintiff claims that the Court erred in permitting the introduction of evidence by both Bob Wade and Ford Credit contrary to admissions made in the case and given those errors further claims that the Court erred in not striking the evidence at the conclusion of Ford Credit's case in chief. These claims stem from the failure of Bob Wade and Ford Credit to timely respond to Plaintiff's requests for admissions, which resulted in the judicial admission of all the information included in the request for admission. While these admissions must be treated as such, there was nothing to prevent the Court from allowing Bob Wade and Ford Credit from introducing evidence for the jury's consideration that ran contrary to the admissions. *See Hargrow v. Watson*, 200 Va. 30, 33 (1958). The Court finds no reason to now reverse the decision made at trial to allow admission of additional testimony contrary to the judicial admissions and no reason to strike Ford Credit's evidence at the conclusion of the case in chief.

Mr. Patterson has additionally alleged that the Court erred by failing to grant his motion for partial summary judgment against Ford Credit and, as such, that the jury should not have been presented with Ford Credit's claim against him. This summary judgment motion is again before the Court, and, for reasons that will be articulated later in this letter opinion, the Court again denies it. This Court does not find that its denial at trial is sufficient grounds for a new trial.

The last of the errors allegedly committed by the Court is that the CLA violations claimed by Mr. Patterson which were submitted to the jury for decision were in fact questions of law to be decided by the Court as opposed to questions of fact to be decided by the jury and that their submission for decision by the jury unfairly prejudiced the jury against the Plaintiff. The Court does not agree. By way of example, Mr. Patterson has repeatedly

alleged that paragraphs 25 and 21 of the lease agreement violate Regulation M of the CLA as a matter of law, in that they are not clear and conspicuous. *See* 12 C.F.R. § 213.4; Official Staff Commentary 213.4. While the paragraphs are undeniably complex, a reasonable person could differ as to whether they are clear and conspicuous for purposes of Reg. M. This question of fact is one ideally suited for decision by the jury. The same can also be said of the other alleged violations. There was no alleged violation of the CLA that was so unambiguous as to merit withholding its submission from the jury. The Court also rejects out of hand that deciding the aforementioned issues of fact could prejudice the jury, especially as they were guided by jury instructions prepared by Mr. Patterson.

Turning now to the decisions of the jury which were allegedly contrary to the law and evidence, the Court similarly finds no reason to upset the verdict of the jury and award a new trial. Mindful of the guidance provided in *Rogers* and *Lane*, the Court will not award a new trial absent some compelling evidence of error on the part of the jury. None of the arguments raised by the Plaintiff rise to that level. In addition to the aforementioned problems with paragraphs 25 and 21 (which, based on all the evidence, the jury reasonably found did not violate the CLA), the Plaintiff has alleged violations of several provisions relating to early termination of the lease. These are that the lease was in violation of CLA provisions requiring that (1) the penalties for default be specified in the least at an amount which is reasonable; (2) the lessee be informed that the lessee is liable for the difference between the assessed value of the vehicle at termination and the value realized upon sale of the vehicle; (3) that a final, binding appraisal was available at lessee's expense. Given all of the evidence regarding these elements introduced at trial, the Court finds that there was sufficient factual basis for the jury to issue its verdict in favor of Bob Wade and Ford Credit.

The Plaintiff has also alleged that the jury could not have found that the lease accurately reflected the amount to be paid at lease inception, and the number, amount, and due dates of incremental payments to be made on the lease. The Plaintiff again relies on the judicial admission of the unanswered requests for admission (in this case about a $9,000 initial payment made by Mr. Patterson), as well as statements made by Bob Wade employees about initial payments made by Bob Wade on the lease. The Court holds that the jury was presented with sufficient evidence to reasonably find that the lease was accurate at the time of inception, as the payment made by Mr. Patterson was not made until three weeks later and the payments made by Bob Wade had also yet to occur.

The last two alleged errors in the jury's verdict are that the lease did not fully reflect the warranties available to Mr. Patterson and that the lease did not identify Ford Credit as a lessor, only as an assignee of the lessor. In regards to the first point, evidence was presented to the jury that Mr. Patterson's copy of the lease did not reflect the availability of a "Ford ESP" warranty, but that Bob Wade's copy did. Given these two documents available for review, a reasonable jury could determine that the lease fully reflected the additional warranty and, as a result, did not violate the CLA.

As for whether Ford Credit was identified as a lessor, the point is moot as the CLA does not require that Ford Credit be named as a lessor. 12 C.F.R. § 213.3(a)(1) does require that "The disclosures required by § 213.4 shall be given to the lessee together in a dated statement that identifies the lessor and the lessee," but the official commentary to that rule states that, "[w]hile disclosures must be made clearly and conspicuously, lessors are not required to use the word 'lessor' and 'lessee' to identify the parties to the lease transaction." FRB Official Staff Commentary on Regulation M, FRRS 6-566.3(a)(1)(2). Based on this, it was not unreasonable for the jury to find that the identification of Ford Credit was sufficient to satisfy the CLA. With the failure of this last alleged violation pleaded by the Plaintiff, the Plaintiff's Motion to Set Aside Verdict and Award New Trial must fail.

Turning now to the Plaintiff's Motion for Partial Summary Judgment, we again find pleadings that hinge on paragraphs 25 and 21 of the lease agreement. Patterson has argued that the paragraphs are not "clear, conspicuous, and in meaningful sequence so as to be in reasonably understood form" as is required by the CLA. 12 C.F.R. § 213.4. In order to prevail on summary judgment, Patterson must demonstrate that no material facts are genuinely in dispute when those facts are viewed in a light most favorable to the non-moving party. *See* Rule 3:18, Rules of the Supreme Court of Virginia; *Carson v. LeBlanc*, 245 Va. 135, 139-40 (1993). Regardless of whether paragraphs 25 and 21 of the lease agreement did or did not in fact violate the CLA, this Court found and continues to find that a material question of fact existed on the issue. The issue was properly one for the jury to decide, and they clearly indicated with their verdict that they did not find paragraphs 25 and 21 to be in violation of the CLA. As such, petitioner Patterson's Motion for Partial Summary Judgment is denied.

*Conclusion*

For the foregoing reasons, the Court denies both Plaintiff Patterson's Motion to Set Aside Verdict and Award New Trial and Defendant Patterson's Motion for Partial Summary Judgment.