## Richmond

CITIZENS RAPID TRANSIT COMPANY, ET AL. v. MARY M. O'HARA.

December 3, 1962.

Record No. 5473.

Present, All the Justices.

*John Marshall* (*W. Glover Garner; Marshall & Blalock*, on brief), for the plaintiffs in error.

*W. Worth Martin* and *Phillips M. Dowding* (*Martin, Hornsby & Dowding*, on brief), for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

Mary M. O'Hara, plaintiff, was injured when the automobile

she was driving was struck by a bus owned by Citizens Rapid Transit Company and driven by its agent, Charley Norman Rackley. She brought this action for damages against the bus company and its driver, herein referred to as defendants, and in a jury trial obtained a verdict for $4,500, on which the court entered judgment. The defendants appeal and their only complaint is that the plaintiff was guilty of contributory negligence as a matter of law and hence was not entitled to recover.

The accident happened about 4:20 p.m., December 12, 1960, on 25th street in front of Beck's Bakery east of Huntington avenue, in the city of Newport News. It had been raining and was still cloudy and the street was wet. Beck's Bakery is on the south side of 25th street and has a parking lot in front with entrance and exit driveways from and into the street. After doing her shopping in the bakery the plaintiff got into her car, drove to the street and stopped at the curb. At that point 25th street, which runs east and west, is forty feet wide between the curbs, has two eastbound lanes, each ten feet wide, and one westbound lane twenty feet wide.

When plaintiff stopped the front of her car was at the edge of the outside eastbound lane. She wanted to go into the inside eastbound lane but traffic in that lane was bumper-to-bumper, so she had to wait. As she waited a Mr. Hogge, driving his car in the inside lane, saw her and as a matter of courtesy stopped his car so as to leave a space between his car and the car in front of him and beckoned to her to come on into the space. Thereupon the plaintiff looked to her left and saw that there was no traffic coming from that direction in the lane next to her except a bus, which was then in front of the courthouse in the next block on the far side of Huntington avenue. Huntington avenue, which is forty-four feet wide, runs north and south, intersects 25th street at right angles and traffic at the intersection is controlled by a light. It was 226 feet from the east edge of the intersection to the west edge of the driveway where plaintiff stopped, and it was 295 feet from where plaintiff stopped to the point in front of the courthouse on the west side of the intersection where she saw the bus.

After seeing the bus plaintiff looked to the front and started across the outside lane toward the vacant space in front of her in the inside lane. She moved at a speed of three or four miles an hour and when she was about three-fourths of the way across the bus struck about midway of the left side of her car, which was approximately seventeen feet long. After she started she did not look again toward the bus

as she had to drive carefully to avoid striking the cars she expected to drive between. The speed limit for the bus was twenty-five miles an hour and the evidence was that it was going about forty miles an hour when it hit the plaintiff's car. Hogge testified that the impact rocked his car.

The plaintiff testified that when she saw the bus in front of the courthouse she thought she had plenty of time to go across, so she pulled out slowly. Hogge also thought she had sufficient time to cross. He testified that before the plaintiff started out she looked toward Huntington avenue and that prompted him to look in his rear-view mirror. He then saw the bus crossing Huntington avenue but paid no more attention to it as he had no apprehension that there would be an accident because there was too much distance between them.

On cross-examination plaintiff was asked, "The bus was coming at a pretty high clip of speed, is that correct?" She answered, "Yes." "How fast would you estimate it was coming?" She responded, "I would say that I figured he was at least going 25 miles an hour. * * * at least 25 I would say because I don't—I can't estimate speed. I—I don't know how fast he was going." She would imagine, she said, that this being a bus carrying people whose lives were at stake, it would stay within the speed limit, which she considered "a pretty high clip of speed" in view of the heavy traffic.

She also said on cross-examination that from the time she started into 25th street it was a matter of seconds, "Just a couple maybe," before the collision occurred.

Defendants argue that if it took only a couple of seconds for the bus to travel 295 feet from where the plaintiff saw it to the place of collision, it was necessarily traveling at a very excessive rate of speed, which the plaintiff knew or should have known, and that she was guilty of contributory negligence as a matter of law in driving slowly across its path without effectively looking.

It must be remembered, however, that her statements as to time and speed were estimates, "made in fleeting moments and related months after the occurrence," and if not precisely correct they are not incredible as a matter of law, but a circumstance to be considered by the jury in weighing the testimony. *Sink* v. *Masterson*, 191 Va. 618, 623, 61 S. E. 2d 863, 865; *Clayton* v. *Taylor*, 193 Va. 555, 560, 69 S. E. 2d 424, 428; *Barnes* v. *Caluneo*, 200 Va. 631, 635, 107 S. E. 2d 484, 487.

Plaintiff, who was driving out of a private driveway, stopped

before entering 25th street, as she was required to do by Code § 46.1-223. We said of the predecessor of that section [Acts 1932, p. 655, afterwards § 2154(124) of Michie's Code, 1942] that it does not grant an exclusive privilege to drivers on the public highway, regardless of their duty to obey traffic laws and exercise reasonable care to protect the rights of others; and "When a driver on a private road approaches an intersection, stops, and looks in both directions for approaching traffic on the public highway, acting as a reasonably prudent person exercising due care would act, he is not negligent as a matter of law if he attempts to enter the intersection under the belief that he has time and opportunity to cross safely." *Temple* v. *Ellington,* 177 Va. 134, 142, 12 S. E. 2d 826, 828; *Umberger* v. *Koop,* 194 Va. 123, 130, 72 S. E. 2d 370, 375; *Brown* v. *Damron,* 197 Va. 309, 313, 89 S. E. 2d 54, 57.

As said in the case last cited, "whether negligence is a question for the jury or one of law to be decided by the court depends upon the facts in each case." 197 Va. at 316, 89 S. E. 2d at 58-9.

Here the plaintiff had a right to presume that the driver of the bus would obey the law and drive within the prescribed limit unless it was, or should have been, reasonably apparent that he was not doing so. *Rhoades* v. *Meadows,* 189 Va. 558, 563, 54 S. E. 2d 123, 125; *Tellis* v. *Traynham,* 195 Va. 447, 450, 78 S. E. 2d 581, 583. She looked to her left and the street was straight and clear of traffic for a distance of 295 feet. She was looking at the bus as it approached her in the dusk of this cloudy afternoon. It was not easy for her to see that it was exceeding the speed limit. Unless she saw, or reasonably should have seen, that it was being operated at an unlawful speed, she had a right to think that its driver was not violating the law. Mr. Hogge, who saw the bus coming, also thought she had time. As a basis for such belief was the fact that the plaintiff had to travel only the length of her automobile, approximately seventeen feet, to be clear of the lane in which the bus was approaching, while the bus had to travel 295 feet, or seventeen times as far, to get to the point of the collision; and during that time the plaintiff's car was as visible to the driver of the bus as the bus was to the plaintiff.

As stated, there was evidence that the plaintiff was crossing at three or four miles an hour. If the bus had in fact been traveling at the speed limit of twenty-five miles an hour, and the plaintiff was crossing at only three miles an hour, her car would have been clear of the lane in which the bus was approaching when the bus was yet 153 feet away, or approximately half way to the point of collision.

The jury found as a fact that the plaintiff proceeded with reasonable care and was not guilty of contributory negligence and the court approved the verdict. We cannot say that she was guilty of contributory negligence as a matter of law unless the verdict was plainly wrong or without credible evidence to support it. The question becomes one of law only if reasonable men should not differ about it. *Allen* v. *Brooks*, 203 Va. 357, 361, 124 S. E. 2d 18, 22.

The evidence here does not warrant that conclusion and the judgment appealed from is therefore

*Affirmed.*