KATHERINE H. LITCHFORD  ·

V.

DANNIE RAE HANCOCK

Record No. 840023

January 16, 1987

Present: All the Justices

*Sidney H. Kirstein (McRorie, Kirstein & McMahon*, on briefs), for appellant.

*R. Edwin Burnette, Jr. (Edmunds & Williams*, on brief), for appellee.

STEPHENSON, J., delivered the opinion of the Court.

The question in this appeal is whether the evidence of plaintiff's contributory negligence is sufficient to create a jury issue.

Katherine H. Litchford sued Dannie Rae Hancock to recover damages for personal injuries she sustained in a motor vehicle accident. In Litchford's motion for judgment, she alleged that Hancock's negligence proximately caused her injuries. Hancock denied the allegation and averred that even if he was negligent, Litchford's contributory negligence barred her right of recovery.

The case was tried to a jury, and at the conclusion of all the evidence the trial court ruled as a matter of law that Hancock was negligent. The court, however, submitted to the jury the issue of Litchford's contributory negligence, and the jury returned a verdict in favor of Hancock. The trial court entered judgment on the verdict, and Litchford appeals.

Because Hancock prevailed at trial, we must view the evidence and all reasonable inferences in the light most favorable to him. The accident occurred October 26, 1982, between 4:00 and 5:00 p.m. on a State secondary highway in Campbell County. The

highway was dry, the weather was clear, and daylight visibility was good.

Hancock had purchased a combine harvester earlier in the day, which he was towing home with his pickup truck when the accident happened. Before beginning his journey, Hancock took several safety precautions. He placed a bright orange "slow moving" sign on the rear of the combine and activated the headlights and emergency flashers on his truck.

At the accident scene, the highway pavement was 18 feet wide, straight, and relatively level. The highway shoulders were mixed dirt and gravel. Hancock was travelling in a southerly direction with the 12-foot-wide combine in tow; as joined, his truck and combine occupied a 15-foot-wide portion of the highway. Litchford, operating a compact automobile, was travelling in a northerly direction. For a distance of more than 100 yards, she had an unobstructed view of Hancock's vehicles.

Before the accident, Hancock had met and passed several other approaching motor vehicles on the highway without encountering "any problem." He estimated that Litchford's automobile was approximately 100 yards from him when he first saw it. He described the accident as follows:

> Well, at the time when I seen the car, I did just like I did when I met the rest of the cars. I tried to get over. I had started getting over as soon as I seen the car was coming and she was coming pretty fast and I tried to get over as far as I could and when I seen that she was going to hit me, I was almost at a stop.

Hancock also testified that when Litchford was approximately 50 feet from him, her car started sliding and "in just a split second she hit the combine."

Litchford testified that she was less than 50 feet from Hancock's equipment when she first saw it. At that time, according to Litchford, she was travelling at a speed of approximately 35 miles per hour.

The investigating police officer testified that the left wheels of Litchford's car laid a 40-foot, straight skid mark on the pavement that led to the point of collision with the combine. The skid mark was three feet from the dirt shoulder. The right wheels of Litchford's car left a mark on the shoulder approximately three

feet from the edge of the pavement. The officer also recalled that the right wheels of Hancock's pickup truck "probably were off on the shoulder" when the collision occurred.

■ The driver of a motor vehicle has a duty to use ordinary care to maintain a proper lookout, *Todt v. Shaw*, 223 Va. 123, 127, 286 S.E.2d 211, 213-14 (1982), and to keep his vehicle under proper control, *Meeks v. Hodges*, 226 Va. 106, 109, 306 S.E.2d 879, 881 (1983). If a driver fails to perform either of these duties, he is negligent. In the discharge of the duties, a driver is required to use ordinary care to observe other vehicles on the highway, to see what a reasonable person would have seen, and to react as a reasonable person would have reacted under the circumstances to avoid a collision. *Maroulis v. Elliott*, 207 Va. 503, 513, 151 S.E.2d 339, 344 (1966); *Greyhound Lines v. Brown*, 203 Va. 950, 953, 128 S.E.2d 267, 269 (1962); *Matthews v. Hicks, Adm'r.*, 197 Va. 112, 115, 87 S.E.2d 629, 631 (1955).

■ Negligence of the parties may not be compared, and any negligence of a plaintiff which is a proximate cause of the accident will bar a recovery. *Fein v. Wade*, 191 Va. 203, 210, 61 S.E.2d 29, 32 (1950). Ordinarily, contributory negligence and proximate cause are factual issues for resolution by a jury. These issues become matters of law for decision by a court only when reasonable minds could not differ about the conclusion to be drawn from the evidence. *Va. and Maryland R. Co. v. White*, 228 Va. 140, 144-45, 319 S.E.2d 755, 758 (1984). A jury also determines the credibility of witnesses and the weight of the evidence and resolves all conflicts in the evidence. *Diggs v. Lail*, 201 Va. 871, 877-78, 114 S.E.2d 743, 748 (1960).

■ Accordingly, "[c]ourts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable." *Bly v. Southern Ry. Co.*, 183 Va. 162, 175, 31 S.E.2d 564, 570 (1944) (quoting *Tennant v. Peoria & P. U. Ry. Co.*, 321 U.S. 29, 35 (1944)). *See also* Code § 8.01-680 (judgment of a trial court will not be set aside unless it is plainly wrong or without evidence to support it). On appeal, a litigant armed with a jury's verdict approved by a trial court "occupies the most favored position known to the law." *Pugsley v. Privette*, 220 Va. 892, 901, 263 S.E.2d 69, 76 (1980).

The trial court, over Litchford's objection, instructed the jury that Litchford had a duty to use reasonable care to maintain a

proper lookout and to keep her automobile under proper control. Litchford contends that the trial court erred in refusing to rule as a matter of law that she was not contributorially negligent. She argues that Hancock's negligence was the sole proximate cause of the accident.*

There is evidence, however, that Litchford should have seen Hancock's truck and combine from a distance of at least 100 yards. At that time, and at all times until the collision, the combine was obstructing approximately two-thirds of Litchford's lane of travel. Nevertheless, Litchford drove her vehicle down the highway without any appreciable reduction in speed until it collided with the combine.

From this evidence, the jury reasonably could have concluded that Litchford failed to use ordinary care to keep a proper lookout and to react as a reasonable person would have reacted under the circumstances. The jury also could have found that had Litchford so reacted, she could have brought her automobile under proper control and avoided the collision.

Litchford contends, however, that she had a right to assume that Hancock would "act with care" and move his vehicle "off onto his shoulder" of the highway. The "right to assume" doctrine, however, has no application once a plaintiff realizes, or in the exercise of ordinary care should have realized, that a defendant is not using reasonable care. *Transit Company* v. *O'Hara*, 203 Va. 979, 982, 128 S.E.2d 270, 273 (1962). In the present case, the undisputed evidence established that Hancock was negligent in partially obstructing Litchford's lane of travel. Litchford, in the exercise of ordinary care, should have realized this when she was 100 yards from Hancock. Even if Hancock moved to his right onto the shoulder, and the evidence indicates that he did, his equipment continued to obstruct a portion of Litchford's lane of travel. Consequently, the "right to assume" doctrine has no application in the instant case.

We cannot say, therefore, that the judgment is plainly wrong. We conclude, on the other hand, that the evidence sup-

---

* Litchford also contends that Hancock was precluded, as a matter of law, from asserting the defense of contributory negligence because (1) Hancock·was guilty of willful and wanton negligence, and (2) he violated a safety statute, Code § 46.1-343, by failing to obtain a special permit. Because Litchford did not advance these contentions at trial, we will not consider them on appeal. Rule 5:25.

ports the verdict finding Litchford contributorially negligent. Accordingly, we will affirm the trial court's judgment.

*Affirmed.*