DOLORES W. REAMS

V.

JOHN DOE

Record No. 860514

September 23, 1988

Present: All the Justices

*T. Bryan Byrne* for appellant.
*Stephen A. Bryant* for appellee.

WHITING, J., delivered the opinion of the Court.

We granted this appeal in a motor vehicle accident case to decide whether a trial court correctly instructed the jury on the plaintiff's duty to maintain a proper lookout.

Dolores W. Reams was injured when she drove her car over several concrete dividers in a parking lot. She testified that she took this action to avoid being struck from the right by a small truck that was proceeding at a rapid rate of speed as she was driving slowly through the parking lot. Reams further testified that the truck suddenly appeared in front of her, although there had been no vehicle approaching the last time she had looked to her right and that she would have been able to see any vehicle had it been approaching her car from that direction. There was no evidence indicating how far to her right Reams could see.

Reams and a passenger in her car described the small truck but, because the driver did not stop, neither Reams nor her passenger was able to identify him. Reams brought this action against the unknown motorist, described as "John Doe," under the uninsured motorist provision of her automobile insurance policy. Her insurance carrier defended John Doe.

Over the objection of Reams, the trial court granted Instruction 13A tendered by counsel for John Doe:

> You the jury are instructed that if you believe from a preponderance of the evidence that Dolores W. Reams, as she was moving her automobile from one parking space in the Six C's parking lot to another parking space directly in front of her, and that she looked to the right, and her view to the right was unobstructed, and if you believe a truck driven by John Doe was approaching from the right and if you believe the truck was in plain view and she failed to see the truck and as a result she caused her automobile to swerve to the right and run her front tires over a concrete parking divider, then she is negligent and if you believe from a preponderance of the evidence that her negligence was a proximate cause of the accident, then you shall find your verdict for the defendant, John Doe.

The jury found a verdict for John Doe, and the trial court entered judgment on that verdict. We must assume the jury based its finding upon the instruction in question. *Norfolk & W. Ry. Co. v. White*, 158 Va. 243, 256, 163 S.E. 530, 534-35 (1932); *see also*

*Hailes* v. *Gonzales*, 207 Va. 612, 614, 151 S.E.2d 388, 390 (1966).

The trial court erroneously characterized the duty of proper lookout as a duty to see, rather than a duty to look with reasonable care and to heed what a reasonable lookout would have revealed. As we said in *Oliver* v. *Forsyth*, 190 Va. 710, 716, 58 S.E.2d 49, 51 (1950):

> [T]he duty is to look with *reasonable care*, not an absolute duty to discover by looking, unless the thing to be looked for is in such plain view that looking with *reasonable care* [one] was bound to have discovered it. Here the instruction placed on [the plaintiff in error] the absolute duty to see; that is, even though he looked with reasonable care, he was guilty of negligence if he failed to see the approaching car, at whatever distance away the jury could conclude it might have been when he looked. It made him an insurer of the safety of his crossing and placed on him a greater burden than the law authorized. It was, therefore, an incorrect statement of the law.

(Emphasis added.) *See also Hodnett* v. *Friend*, 232 Va. 447, 451, 352 S.E.2d 338, 341 (1987).

Because of the error in granting Instruction 13A, we will reverse the judgment of the trial court and remand the case for a new trial.

*Reversed and remanded.*