UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

KAMALDEEP BAWEJA,
            *Plaintiff-Appellant,*

v.

MICHAEL K. ROACH; LULYNN
LANDSCAPING,
            *Defendants-Appellees,*

and

T&J LAWN SERVICE, INCORPORATED,
a/k/a LuLynn Landscaping;
CHRISTINE L. TERRILL,
            *Defendants.*

No. 01-1847

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CA-00-1658-A)

Submitted: December 19, 2001

Decided: January 10, 2002

Before LUTTIG, WILLIAMS, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Deep S. Sran, Chevy Chase, Maryland, for Appellant. Ralph N. Boc-
carosse, Jr., SICILIANO, ELLIS, DYER & BOCCAROSSE, Fairfax,
Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Kamaldeep Baweja brought suit against Michael Roach and LuLynn Landscaping for damages after being struck by a snow plow driven by Roach while under the employ of LuLynn Landscaping. At trial, the jury returned a verdict in favor of the Defendants. Baweja now appeals the verdict on the ground that the district court erred in instructing the jury as to contributory negligence. She further appeals the district court's subsequent denial of her Fed. R. Civ. P. 59 motion for a new trial. We affirm.

On appeal, Baweja first argues that the district court improperly instructed the jury as to contributory negligence. Under Virginia law, contributory negligence exists when "a plaintiff fail[s] to act as a reasonable person would have acted for his own safety under the circumstances." *Artrip v. E.E. Berry Equip. Co.*, 397 S.E.2d 821, 824 (Va. 1990). If the plaintiff was contributorily negligent, then Virginia law bars that plaintiff from recovering in a negligence action if the plaintiff's contributory negligence was the proximate cause of his injury. *Litchford v. Hancock*, 352 S.E.2d 335, 337 (Va. 1987). Federal district courts operate under a federal standard when determining the sufficiency of the evidence for submission of the issue of contributory negligence to a jury. *Jones v. Meat Packers Equip. Co.*, 723 F.2d 370, 372 (4th Cir. 1983). Under that standard, in the absence of evidence or all reasonable inferences that can be drawn from the evidence disclosing that a plaintiff was negligent and contributed to his injuries, the issue of contributory negligence should not go to the jury.

Baweja argues that the record is devoid of any evidence justifying the contributory negligence instruction. Specifically, she contends that the court erred in relying on Roach's testimony alone, that Roach's testimony was clearly not credible, and that the Court's decision likely determined the outcome of the trial. We have reviewed the

testimony presented at trial in this case and find no reversible error in the court's contributory negligence instruction to the jury.

Baweja next argues that the court erred in denying her Fed. R. Civ. P. 59 motion for a new trial. The decision to grant or deny a motion for new trial is within the sound discretion of the district court and will not be disturbed absent a clear showing of abuse of discretion. *Chesapeake Paper Prods. Co. v. Stone & Webster Eng'g Corp.*, 51 F.3d 1229, 1237 (4th Cir. 1995) (citations omitted); *see also Browning-Ferris Indus. v. Kelco Disposal, Inc.*, 492 U.S. 257, 279 (1989). In considering a motion for a new trial, a judge may weigh the evidence and consider the credibility of the witnesses, and if he finds the verdict is against the weight of the evidence, is based on false evidence, or will result in a miscarriage of justice, he must set aside the verdict, even if supported by substantial evidence, and grant a new trial. *Chesapeake Paper Prods. Co.*, 51 F.3d at 1237 (citation omitted).

Baweja argued in her motion for new trial that the verdict was against the clear weight of the evidence. Specifically, she maintained that Roach's credibility was questionable and that the implausibility of his story made it inappropriate for the jury to have found that Baweja was contributorily negligent. Furthermore, Baweja cited to the jury's question to the judge regarding Baweja's testimony with respect to her actions prior to stepping off the sidewalk. Baweja maintains that this question indicates that the jury inappropriately applied the contributory negligence instruction. We have reviewed the court's written order denying the motion, and in light of the evidence presented at trial, we find no abuse of discretion in the court's denial of the motion.

Accordingly, we affirm the judgment in this case and the court's order denying Baweja's motion for new trial. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*