Present:  All the Justices

JESSICA LUANN BURROUGHS

v.  Record No. 051745      OPINION BY JUSTICE DONALD W. LEMONS
                                    June 8, 2006
LESLIE KEITH KEFFER, ET AL.

FROM THE CIRCUIT COURT OF GILES COUNTY
Colin R. Gibb, Judge

In this personal injury action arising from a motor vehicle accident, we consider whether the trial court erred in setting aside a jury verdict on the ground that the plaintiff, Jessica Luann Burroughs ("Burroughs"), was contributorily negligent as a matter of law.  For the reasons discussed below, the judgment of the trial court will be reversed.

I.  Facts and Proceedings Below

Even though the trial court set the verdict aside, we accord the recipient of a jury verdict the benefit of all substantial conflicts of the evidence and all reasonable inferences that may be drawn therefrom.  Therefore, we will state the facts in the light most favorable to Burroughs, and if there is any credible evidence in the record that supports the verdict, then we must reinstate that verdict and enter judgment thereon.  Loving v. Hayden, 245 Va. 441, 442, 429 S.E.2d 8, 9 (1993).

At approximately 7:40 a.m. on the morning of September 17, 1999, Randolph Beasley, Jr., ("Beasley") attempted to load an excavator onto a low-slung flatbed trailer known as a

1

"lowboy," that was parked in a gravel lot adjacent to U.S. Route 460 in Pembroke, Virginia. The relevant portion of Route 460 for purposes of this appeal is a curving, undivided highway with two lanes going east and two lanes going west. Beasley was unsuccessful and the excavator fell off of the lowboy trailer onto the gravel lot, with several feet of the excavator's boom extending into the right travel lane of eastbound Route 460.

Leslie Keith Keffer ("Keffer"), a heavy equipment operator and friend of Beasley's, saw the overturned excavator as he was driving eastbound on Route 460 towards the gravel lot. Keffer was driving a large truck, pulling a lowboy trailer with a backhoe on it. Keffer stopped his truck in the right, eastbound lane of Route 460 behind the portion of the excavator's boom extending into Route 460. Keffer checked to see if anyone was injured and, learning that Beasley was uninjured, went to the rear of his trailer to direct traffic into the left, eastbound lane around his truck and the excavator's boom. Despite the fact that both Beasley and Keffer had flares and warning triangles, neither placed them on Route 460 to warn on-coming traffic.

Keffer directed traffic for several minutes before Burroughs ran into the back of Keffer's trailer. Keffer dove out of the way and was uninjured, but Burroughs was injured in

2

the collision. Burroughs filed a motion for judgment against Beasley and Keffer, and their employers, Lowell Curtis Smith, Jesse Williams, Jesse Williams d/b/a Williams Construction, Jesse Williams t/a J.E. Williams, and Jesse Williams d/b/a Williams Excavating (collectively "defendants"), seeking $500,000 in compensatory damages, pre- and post-judgment interest, and costs.

At trial, Burroughs testified that she was driving the posted speed limit of 45 miles per hour and that she came around the curve, was blinded by the sun, and collided with the back of Keffer's trailer. Burroughs stated that she did not see Keffer or his trailer and backhoe prior to the collision because the sun blinded her. Keffer testified that traffic was "getting a little heavy" during the time leading up to the accident. The defendants introduced maps of Route 460 and photographs of the portion of Route 460 leading up to and including the scene of the accident. From these maps and photographs, defendants argued that Burroughs should have seen Keffer's trailer from approximately 1,200 feet away, which would have given Burroughs as much as 18.5 seconds to react when driving at 45 miles per hour.

At the conclusion of Burroughs's case-in-chief, defendants moved to strike her evidence on the ground that she was contributorily negligent as a matter of law. Defendants

requested the trial court to enter summary judgment. The trial court took these motions under advisement. Defendants renewed their motions at the conclusion of the presentation of their evidence, and the trial court again took the motions under advisement. The trial court then instructed the jury, including instructions on contributory negligence. The jury returned a verdict in favor of Burroughs and awarded her $125,000.

The jury was dismissed and defendants renewed their motion to strike and also moved to set aside the jury's verdict on the ground that Burroughs was contributorily negligent as a matter of law. The trial court requested briefs from the parties and, at a subsequent hearing, the trial court granted the defendants' motion to set aside the jury's verdict. The trial court stated:

> I just think that under the evidence which is uncontradicted, the plaintiff's evidence, and the plaintiff was contributorily negligent because either she was blinded for only a few of the 18-and-a-half seconds or failed to see what was there to see during the rest of that time period or she was blinded for most or all of the 18-and-a-half seconds and failed to react reasonably to that incapacity.

We awarded Burroughs an appeal to consider one assignment of error: whether the trial court erred in setting aside a jury verdict in favor of Burroughs and entering judgment in favor

4

of the defendants on the ground that Burroughs was guilty of contributory negligence as a matter of law.

## II.  Analysis

A trial court may set aside a jury's verdict only if the verdict is plainly wrong or without credible evidence to support it.  Code § 8.01-430.  See, e.g., Bussey v. E.S.C. Restaurants, Inc., 270 Va. 531, 534, 620 S.E.2d 764, 766 (2005); Jenkins v. Pyles, 269 Va. 383, 388, 611 S.E.2d 404, 407 (2005).  This authority is "explicit and narrowly defined."  Bussey, 270 Va. at 534, 620 S.E.2d at 766; Jenkins, 269 Va. at 388, 611 S.E.2d at 407.  As we stated most recently in Bussey:

> Trial court judges must accord the jury verdict the utmost deference.  If there is a conflict in the testimony on a material point, or if reasonable people could differ in their conclusions of fact to be drawn from the evidence, or if the conclusion is dependent on the weight to be given to the testimony, the trial court may not substitute its conclusion for that of the jury merely because the judge disagrees with the result.
>
> Because the jury's function is to determine the credibility of witnesses and the weight of the evidence, and to resolve all conflicts in the evidence, we will reinstate the verdict on appeal if credible evidence supports the verdict.  On appeal, evidence is deemed to be credible unless it is "so manifestly false that reasonable men ought not to believe it, or it [is] shown to be false by objects or things as to the existence and meaning of which reasonable men should not differ."  In reviewing the evidence, we will accord the recipient of the verdict the benefit

5

of all substantial conflicts of evidence, and all fair inferences that may be drawn from the evidence.

270 Va. at 534-35, 620 S.E.2d at 766 (citations omitted).

The principles of contributory negligence are familiar and well-settled:

Contributory negligence is an affirmative defense that must be proved according to an objective standard whether the plaintiff failed to act as a reasonable person would have acted for his own safety under the circumstances. The essential concept of contributory negligence is carelessness.

The issue whether a plaintiff is guilty of contributory negligence is ordinarily a question of fact to be decided by the fact finder. The issue becomes one of law for the circuit court to decide only when reasonable minds could not differ about what conclusion could be drawn from the evidence.

Jenkins, 269 Va. at 388-89, 611 S.E.2d at 407 (citations omitted).

In Jenkins, the plaintiff was unable to see an oncoming truck and corn planter because of the hill he was ascending at the time of the accident. 269 Va. at 389, 611 S.E.2d at 408. Also, Jenkins's view was obstructed by a large truck in front of him. Id. In reversing the trial court's grant of a motion to set aside a jury's verdict, we stated that the jury "reasonably could have concluded from this evidence that although Jenkins maintained a proper lookout, he nevertheless was unable to see Pyles' truck and the corn planter in time to

6

avoid a collision because the hill and the telephone truck in front of him restricted his ability to see the oncoming traffic."  Id.

As in Jenkins, the relationship between the duty to keep a proper lookout and topography of the scene of the accident is important in the instant case.  The duty to keep a proper lookout is not a duty to see; rather, it is a duty to look with reasonable care and to heed what a reasonable lookout would have revealed:  "[T]he duty is to look with reasonable care, not an absolute duty to discover by looking, unless the thing to be looked for is in such plain view that looking with reasonable care [one] was bound to have discovered it."  Reams v. Doe, 236 Va. 237, 239, 372 S.E.2d 405, 406-07 (1988) (quoting Oliver v. Forsyth, 190 Va. 710, 716, 58 S.E.2d 49, 51 (1950)).  In the instant case, the trial court properly instructed the jury on this duty in Instruction 15:

> The duty to keep a proper lookout requires
> a driver to use ordinary care to look in
> all directions for vehicles that would
> affect her driving, to see what a
> reasonable person would have seen, and to
> react as a reasonable person would have
> acted to avoid a collision under the
> circumstances.

This instruction was given without objection.

Defendants introduced maps of Route 460 and photographs of the portion of Route 460 leading up to and including the scene of the accident.  The photographs indicate that the

eastbound portion of Route 460 leading up to the scene of the accident curves and twists. From these photographs the jury reasonably could have concluded that Burroughs was unable to see the defendants' trucks stopped in the right lane from approximately 1200 feet and that she did not have 18.5 seconds to react. Similarly, the jury could have concluded the opposite. Additionally, the jury heard evidence that traffic was heavy, that Burroughs was driving the posted speed limit, and that Burroughs was blinded by the sun immediately before the collision.

Because reasonable persons could differ regarding whether Burroughs was guilty of contributory negligence, that issue was a question of fact for the jury. The trial court erred in setting aside the verdict for Burroughs.

## III. Conclusion

For these reasons, the judgment of the trial court will be reversed and final judgment will be entered in favor of Burroughs in accordance with the jury's verdict.

Reversed and final judgment.