**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-2192**

L. ANN CARY,

            Plaintiff - Appellant,

      v.

UNITED STATES OF AMERICA,

            Defendant - Appellee.

Appeal from the United States District Court for the Eastern
District of Virginia, at Newport News.  Rebecca Beach Smith,
District Judge.  (4:07-cv-00112-RBS-JEB)

Submitted:  August 18, 2009          Decided:  August 31, 2009

Before MICHAEL, SHEDD, and AGEE, Circuit Judges.

Reversed and remanded by unpublished per curiam opinion.

Joseph F. Verser, Leonard C. Heath, Jr., JONES, BLECHMAN, WOLTZ
& KELLY, PC, Newport News, Virginia, for Appellant.  Lawrence R.
Leonard, Managing Assistant United States Attorney, Kent P.
Porter, Assistant United States Attorney, Norfolk, Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

L. Ann Cary appeals the district court's entry of judgment for the Government after a bench trial on her action under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680 (2006). On appeal, Cary asserts that the district court erred in determining that Sandra Ambrose-Shem was not negligent in operating her vehicle, and that Cary was contributorily negligent, thus barring her recovery. We agree with Cary and reverse the judgment of the district court.

Because Cary brought this action under the FTCA, her claims are governed by the substantive law of the state where the alleged negligence occurred. See 28 U.S.C. § 1346(b)(1) (2006) (liability under the FTCA to be determined "in accordance with the law of the place where the act or omission occurred"). Thus, Virginia law regarding negligence, including contributory negligence, controls. Under Fed. R. Civ. P. 52(a)(6), a trial judge's findings of fact should not be disturbed unless clearly erroneous. Here, however, the material facts were undisputed. Though both parties presented testimonial evidence as to the circumstances of the collision, neither party's evidence challenged or contradicted the evidence of the other. Generally, the findings of trial courts are not afforded the finality customary to basic factual findings under Rule 52(a) where the findings are based on undisputed facts. See Hicks v.

2

United States, 368 F.2d 626, 630-31 (4th Cir. 1966); see also

Munday v. Waste Mgmt. of N. Am., Inc., 126 F.3d 239, 241 n.1

(4th Cir. 1997).  Instead, where "the ultimate conclusion to be

drawn from the basic facts, i.e., the existence or absence of

negligence, is actually a question of law," such a conclusion

"is freely reviewable on appeal."  Hicks, 368 F.2d at 631.

Therefore, our standard of review is de novo.


## I.   Negligence

In Virginia, "[a] driver of a motor vehicle has a duty

to use ordinary care to maintain a proper lookout."

Litchford v. Hancock, 352 S.E.2d 335, 336-37 (Va. 1987).

> The duty to keep a proper lookout requires a driver to
> use ordinary care to look in all directions for
> vehicles that would affect her driving, to see what a
> reasonable person would have seen, and to react as a
> reasonable person would have acted to avoid a
> collision under the circumstances.

Burroughs v. Keffer, 630 S.E.2d 297, 300-01 (Va. 2006) (internal

quotation marks omitted).  Ordinary or reasonable care is "that

degree of care which an ordinarily prudent person would exercise

under the same or similar circumstances to avoid injury to

another."  Perlin v. Chappell, 96 S.E.2d 805, 808 (Va. 1957)

(internal quotation marks and citation omitted).  Drivers have a

"duty to obey traffic laws and exercise reasonable care to

protect the rights of others," and have a right to presume other

3

drivers will do the same.  Citizens Rapid Transit Co. v. O'Hara, 128 S.E.2d 270, 272-73 (Va. 1962).  Under Virginia Law, "[e]very driver who intends to . . . turn . . . from a direct line shall first see that such movement can be made safely."  Va. Code Ann. § 46.2-848 (2005).  Additionally, "[t]he driver of a vehicle, intending to turn left within an intersection . . . shall yield the right-of-way to any vehicle approaching from the opposite direction if it is so close as to constitute a hazard."  Va. Code Ann. § 46.2-825 (2005).

Contrary to the rulings of the district court, the uncontested evidence in the record shows that Shem's failure to obey traffic laws or exercise reasonable care to protect the rights of others indicates that she was negligent in causing the collision with Cary's car.  An ordinarily prudent person would not blindly enter an intersection in which she could not be certain she would not strike or be struck by oncoming traffic. Despite the district court's emphasis that Shem "took care to slowly inch into her turn," the fact remains that Shem unnecessarily placed herself and others in a position of peril by entering a lane obscured by a large vehicle.  The district court overlooked the fact that the object obstructing Shem's view was not a stationary and permanent one — the truck obscuring the lane would eventually turn.  Instead of simply waiting for the truck to turn, thus giving Shem a clear view of

4

any oncoming traffic, Shem waited for less than a minute and then eased her way into the intersection. That her "'slice' of view of the oncoming lanes revealed no vehicles" does not demonstrate that Shem was reasonable in entering the intersection. Instead, before beginning her turn, Virginia law required that Shem "first see that such a movement can be made safely." Va. Code Ann. § 46.2-848. By her own admission, Shem could not see the southbound traffic due to the obstruction of the truck; therefore, she had no idea whether her turn could be made safely and her decision to turn under such hazardous circumstances was negligent as a matter of law.

Though the Government contends that the "trial court's determination based upon assessments of witness credibility is deserving of the highest degree of appellate deference," this proposition is simply inapplicable based on the record in this case. No credibility determinations were necessary in this case, as the circumstances surrounding the accident were undisputed. It was uncontested that the roadway was obstructed by the truck and that the accident occurred when Shem pulled into the lane traveled by Cary. Cary does not dispute Shem's testimony that Shem waited nearly a minute before slowly inching out into the intersection. Instead, the dispute arises over whether Shem's behavior was reasonable, an issue that, due to the uncontested facts, was a question of law that is not

5

entitled to deference. Accordingly, because Shem failed to obey the applicable Virginia traffic laws and failed to exercise reasonable care to protect the rights of others, Shem was negligent as a matter of law, and the district court's determination to the contrary was in error.

## II. Contributory Negligence

Similarly, the district court erred in finding that Cary was contributorially negligent and thus barred from recovery. "Contributory negligence is an affirmative defense that must be proved according to an objective standard whether the plaintiff failed to act as a reasonable person would have acted for his own safety under the circumstances. The essential concept of contributory negligence is carelessness." Burroughs, 630 S.E.2d at 300 (internal quotation marks and citation omitted).

Here, the district court erred by finding that Cary was negligent in entering the intersection. Though the district court asserts that Cary failed to "keep a proper lookout of the conditions ahead of or beside her," such an assertion is belied by the record. At the intersection of Canon Boulevard and Blue Crab Road, individuals traveling along or turning left onto Blue Crab Road were required to yield the right-of-way to those driving through the intersection on Canon Boulevard. Va. Code

6

Ann. § 46.2-825. Though a statute giving one driver approaching an intersection the right-of-way over another does not relieve the first driver of his duty to exercise reasonable care when approaching the intersection, see Hogan v. Miller, 157 S.E. 540, 544 (Va. 1931), the first driver is entitled to presume that other drivers will obey the law and exercise reasonable care to avoid collisions, see Citizens Rapid Transit Co., 128 S.E.2d at 272-73.

The district court's determination that Cary was negligent in failing to "slow or stop when she approached the intersection" is inconsistent with Virginia precedent. Though Cary was required to maintain a proper lookout when approaching the intersection, such a lookout only requires her to "see what a reasonable person would have seen, and to react as a reasonable person would have acted to avoid a collision under the circumstances." Burroughs, 630 S.E.2d at 300-01. A reasonable driver would not have seen or known that a car in the opposite lane was about to illegally turn in front of her. Instead, a reasonable individual would, like Cary, have proceeded through the intersection at a moderate rate of speed, presuming that other drivers would obey traffic laws and drive in a reasonable manner. Contrary to the district court's assertion, Virginia law does not impose a duty on drivers whose lanes enjoy the right-of-way to slow down or stop prior to

7

entering an intersection.  Accordingly, the district court erred in finding contributory negligence by Cary and barring her recovery.

Therefore, we reverse the judgment of the district court as to liability and remand this action for further proceedings consistent with this opinion.  We dispense with oral argument as the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

REVERSED AND REMANDED