**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1772**

MICHAEL STEVEN FERGUSON,

            Plaintiff - Appellee,

        v.

NATIONAL FREIGHT INC.; MANUEL TORRES,

            Defendants - Appellants.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Glen E. Conrad, District Judge.  (7:14-cv-00702-GEC)

Submitted:  July 13, 2017                    Decided:  August 16, 2017

Before FLOYD and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

D. Cameron Beck, Jr., C. Walker Terry, MORRIS & MORRIS, P.C., Richmond, Virginia, for Appellants.  Monica T. Monday, Gregory D. Habeeb, GENTRY LOCKE, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Steven Ferguson's vehicle was struck from behind by a National Freight, Inc. ("NFI") tractor-trailer driven by Manuel Torres. Ferguson sued Torres and NFI, and the jury found Torres and NFI liable and awarded Ferguson $300,000 in damages. Torres and NFI appeal from the judgment, raising two evidentiary issues and contending that the district court should have granted their motion for judgment as a matter of law or their motion for a new trial. Neither party contests the damages awarded. We affirm.

Appellants first contend that the district court erred by admitting certain testimony of Trooper C.D. Price, the Virginia state trooper who responded to the accident. Price could not be present at trial due to illness, and the trial court approved admission of a redacted version of Price's pretrial deposition. Over objection by Defendants, the district court allowed Price's testimony that Ferguson's vehicle was established in the right-hand travel lane before being struck by the tractor-trailer. Appellants challenge this evidentiary ruling on appeal, arguing that the court incorrectly applied Federal Rule of Evidence 701 and abused its discretion by admitting the baseless and speculative opinion of a lay witness.

Under Rule 701, lay opinion testimony is admissible if (1) it is "rationally based on the witness's perception," (2) it is "helpful to clearly understanding the witness's testimony or to determining a fact in issue," and (3) it is "not based on scientific, technical, or other specialized knowledge[.]" Fed. R. Evid. 701. We review the admission of evidence under Rule 701 for abuse of discretion. *United States v. Min*, 704 F.3d 314, 324–25 (4th Cir. 2013). An error in admission of evidence is grounds for

2

disturbing a judgment only if justice so requires and the error affects the party's substantial rights. Fed. R. Civ. P. 61; *see* 28 U.S.C. § 2111 (2012) (directing appellate court to disregard errors that do not affect substantial rights). We conclude that the district court did not abuse its discretion in concluding that Trooper Price's lay testimony was rationally based on his observations of the accident scene, was helpful to determine a fact in issue, and was not based on scientific, technical, or other specialized knowledge. Therefore, we discern no reversible error in the district court's ruling.

Next, Appellants argue that the district court erred by limiting cross-examination of two sisters involved in the accident regarding their lawsuits filed against Ferguson. We review "for abuse of discretion a district court's ruling concerning the admissibility of evidence." *United States v. Cornell*, 780 F.3d 616, 629 (4th Cir. 2015) (internal quotation marks omitted). A district court enjoys wide discretion in controlling the proper scope of cross-examination. *United States v. Kiza*, 855 F.3d 596, 603–04 (4th Cir. 2017). Here, the court allowed testimony by the sisters admitting that they had filed lawsuits contending that Ferguson was liable for the accident, but disallowed further questioning regarding the details of the pleadings. The court allowed the sisters' attorney to be called as a witness to briefly explain why he had named Ferguson as a defendant in the lawsuits. We conclude the district court properly exercised its discretion by allowing testimony on the fact that Ferguson was named as a defendant in civil suits concerning the accident, but declining to allow Appellants to probe the significance of the pleadings.

Appellants next assert that the district court should have granted their renewed motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b),

3

because the jury had no evidentiary basis for finding that Torres negligently caused the accident or that Ferguson was not contributorily negligent. We review de novo the district court's denial of a motion for judgment as a matter of law, considering the evidence in the light most favorable to the nonmoving party—here, Ferguson. *Bresler v. Wilmington Trust Co.*, 855 F.3d 178, 196 (4th Cir. 2017). Such a motion should be granted only when, without weighing the evidence or the credibility of witnesses, the court finds "the evidence is legally insufficient to support the jury's verdict." *Id.* Thus, we must affirm the district court's denial of a Rule 50 motion "if reasonable minds could differ regarding" the findings implicit in the jury's verdict. *Id.*

Appellants argue that the evidence established that Torres was not speeding before the accident and that the only reasonable explanation for the accident was that Ferguson improvidently pulled out in front of Torres. Appellants note that in Virginia a driver has a duty to keep a proper lookout and maintain control over his vehicle, and, in doing so, must exercise ordinary care to observe other vehicles on the roadway and react as a reasonable person would to avoid a collision. *Litchford v. Hancock,* 352 S.E.2d 335, 336–37 (Va. 1987). A driver who breaches this duty is negligent, but negligence cannot be presumed from the mere fact that an accident occurred. *Colonial Motor Freight Line, Inc. v. Nance*, 221 S.E.2d 132, 137 (Va. 1976). Any negligence on the part of the plaintiff that proximately causes the accident will bar his recovery. *Litchford*, 352 S.E.2d at 337.

Appellants argue that Torres took every reasonable action to avoid the accident. But there was evidence at trial that Torres ran into the back of a tow truck that was using

4

its flashing lights and was established in its travel lane prior to impact, having traveled fast enough to safely merge into the right-hand lane. Thus, the jury was entitled to find that Torres failed to take reasonable care under Virginia law by striking the back of Ferguson's tow truck. This same evidence, viewed in the light most favorable to Ferguson, allowed the jury to find that Ferguson was not contributorily negligent in the accident. *See RGR, LLC v. Settle*, 764 S.E.2d 8, 21 (Va. 2014) (in order to prevail on appeal, appellant must show "that there is no conflict in the evidence on contributory negligence, and that there is no direct and reasonable inference to be drawn from the evidence as a whole to sustain a conclusion that the plaintiff was free from contributory negligence" (internal quotation marks omitted)); *Meeks v. Hodges,* 306 S.E.2d 879, 881 (Va. 1983) (noting that issues of negligence, contributory negligence, and proximate cause are ordinarily issues to be decided by fact finder). Thus, we find no reversible error by the district court in denying the motion for judgment as a matter of law.

In arguing that the district court erred in denying their motion for a new trial under Federal Rule of Civil Procedure 59(a), Appellants recycle the previously discussed evidentiary issues. We review denial of a Rule 59(a)(1)(A) motion for a new trial for abuse of discretion, and "will not reverse such a decision save in the most exceptional circumstances." *Gentry v. East West Partners Club Mgmt. Co.*, 816 F.3d 228, 241 (4th Cir. 2016) (internal quotation marks omitted). We find no such circumstances here.

Because the issues raised by Appellants are without merit, we affirm the judgment below. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*