JOHN ROGERS, M.D.

V.

RUBY G. MARROW, BY MARTHA MARROW,
HER GUARDIAN

Record No. 910218

January 10, 1992

Present: All the Justices

*Vicki Layman-Jasper (Gary A. Godard; Godard, West & Adelman*, on briefs), for appellant.
*Harold O. Miller (Miller & Bucholtz*, on brief), for appellee.

JUSTICE KEENAN delivered the opinion of the Court.

John Rogers appeals from a ruling of the trial court, setting aside the jury's verdict in his favor and entering judgment for Ruby G. Marrow. The dispositive issue in this appeal is whether the trial court erred in setting aside the verdict and in granting Marrow's motion for judgment notwithstanding the verdict. We conclude that the trial court did so err.[1]

Marrow was a patient at Northern Virginia Mental Health Institute (the hospital) at the time the injuries occurred which gave rise to this action for medical negligence. At the time of the incident in question, she had been admitted to the hospital as a patient on four previous occasions. Rogers, a full-time staff psychiatrist at the hospital, first treated Marrow on October 26, 1983, when she was admitted to the hospital for the second time. He continued as her treating physician on her successive admissions to the hospital.

Marrow's fifth admission to the hospital, which gave rise to the injuries complained of here, began on August 21, 1985. On August 22, Rogers evaluated Marrow as being potentially suicidal. Based on this assessment, he placed Marrow in H Unit, which is a semi-closed unit and is the most highly supervised area at the hospital. Rogers also placed Marrow on medication at this time. By September 3, 1985, she appeared to have improved considerably. She told the treatment team, which included Rogers, that although she still heard voices, they did not bother her or "tell her bad things anymore." At this time, Marrow did not indicate having any suicidal thoughts.

Based on this improvement, Marrow was transferred to G Unit, which is an open unit with no locked doors. On September 4, 1985, she left the unit without permission and was seen on a nearby road. On her return, she was placed back in H Unit. She left H Unit without permission on September 5, 1985. On her return, Rogers ordered that she be checked every 15 minutes. On September 6, 1985, Marrow escaped while Rogers was discussing the need for additional security for her with the staff. During the period of this escape, she was struck by an automobile on a ramp to Interstate Route 495. As a result, she sustained severe orthopedic injuries to both legs.

---

[1] Because our conclusion on this issue is dispositive of this appeal, we do not reach the secondary issue of sovereign immunity.

Marrow filed a motion for judgment against Rogers seeking damages for injuries arising out of alleged medical negligence. Three expert witnesses testified at the trial. Two of those witnesses were called by Marrow. Dr. Edwin Carter, a psychologist, testified that Rogers violated the standard of care in failing to gather sufficient information regarding Marrow's escapes, and in failing to keep her adequately restrained, given her prior escapes and suicidal tendencies. Dr. W. S. Jennings, Jr., a psychiatrist, testified that Rogers violated the standard of care on September 6, 1985 in failing to "expeditiously provide treatment and the most secure environment" for Marrow.

Rogers called Dr. Gordon Kirschner, a psychiatrist, as his expert witness. Dr. Kirschner testified that Rogers's treatment of Marrow met the required standard of care. He based his opinion on the fact that Rogers had no information indicating that Marrow had suicidal intentions at the time of her escape on September 6, 1985. On cross-examination, however, Dr. Kirschner testified that he was not aware that Marrow had wandered into traffic on previous occasions or that she was found in possession of a piece of glass during one of her hospitalizations in 1984. Dr. Kirschner conceded that this information altered the basis upon which he had given his opinion. However, he did not retract his opinion that Rogers's treatment of Marrow met the required standard of care.

The jury returned a verdict in favor of Rogers. Upon consideration of post-trial motions, the trial court set aside the verdict, denied Marrow's motion for judgment notwithstanding the verdict, and granted Marrow a new trial. The trial court also denied Rogers's plea of sovereign immunity.

Rogers filed a motion requesting that the trial court reconsider its ruling and reinstate the jury's verdict. By letter opinion dated September 10, 1990, the trial court denied Rogers's motion. The court further ruled that, pursuant to Code § 8.01-430,[2] there was

---

[2] Code § 8.01-430 provides:

**When final judgment to be entered after verdict set aside.** When the verdict of a jury in a civil action is set aside by a trial court upon the ground that it is contrary to the evidence, or without evidence to support it, a new trial shall not be granted if there is sufficient evidence before the court to enable it to decide the case upon its merits, but such final judgment shall be entered as to the court shall seem right and proper. If necessary to assess damages which have not been assessed, the court may empanel a jury at its bar to make such assessment, and then enter such final judgment.

sufficient evidence for it to determine the case on the merits. The court found that Marrow's evidence establishing Rogers's breach of the standard of care was "virtually not rebutted." Accordingly, it entered judgment in favor of Marrow in the amount of $180,000. This appeal followed.

■ Rogers argues that the trial court erred in setting aside the jury's verdict because that verdict was supported by the evidence at trial. We agree. Well-settled principles govern the trial court's determination whether a jury's verdict should be set aside. In *Lane* v. *Scott*, 220 Va. 578, 260 S.E.2d 238 (1979), we summarized these principles, stating that:

> Under Code § 8.01-430, a trial court is empowered in a civil action to enter judgment *non obstante veredicto* "upon the ground that [the verdict] is contrary to the evidence, or without evidence to support it".
>
> "[This power] can only be exercised where the verdict is plainly wrong or without credible evidence to support it. If there is a conflict in the testimony on a material point, or if reasonable men may differ in their conclusions of fact to be drawn from the evidence, or if the conclusion is dependent on the weight to be given the testimony, the trial judge cannot substitute his conclusion for that of the jury merely because he would have voted for a different verdict if he had been on the jury."

*Id.* at 581, 260 S.E.2d at 240 (citation omitted).

■ The role of the trial court under these circumstances is, thus, explicit and narrowly defined. The standard by which we review the trial court's decision is equally explicit. If there is credible evidence in the record which supports the jury's verdict, we must reinstate that verdict and enter judgment thereon. *Graves* v. *Nat. Cellulose Corp.*, 226 Va. 164, 169, 306 S.E.2d 898, 901 (1983). In analyzing the evidence, even where the trial court has set aside the verdict, we accord the recipient of the verdict the benefit of all substantial conflict in the evidence, as well as all inferences which may be reasonably drawn from the evidence. 226 Va. at 169-70, 306 S.E.2d at 901.

Nothing in this section contained shall be construed to give to trial courts any greater power over verdicts than they now have under existing rules of procedure, nor to impair the right to move for a new trial on the ground of after-discovered evidence.

In a letter opinion of March 28, 1990, the trial court set forth its reason for setting aside the verdict. The trial court stated:

> Evidence in support of the verdict in favor of Defendant Rogers was presented through the testimony of Dr. Leslie Gordon Kirschner. His testimony on the issue of whether defendant Rogers breached the standard of care was inconclusive and ambiguous. Since there is no other evidence upon which the verdict in his favor can be properly based, the verdict in favor of the defendant, John Rogers, M.D. shall be set aside.

We find that this was not an adequate basis for setting aside the verdict. Rogers, as the defendant, had no obligation to produce any evidence. The burden of proof in a negligence case rests solely on the plaintiff and does not shift. *Myers* v. *Sutton*, 213 Va. 59, 61, 189 S.E.2d 336, 338 (1972).

In order to recover for medical negligence, the plaintiff ordinarily must prove through the use of expert testimony the applicable standard of care, a deviation from that standard, proximate causation, and damages. *See Raines* v. *Lutz*, 231 Va. 110, 115, 341 S.E.2d 194, 197 (1986). Therefore, in the case before us, Marrow had the burden of proving these factors by expert testimony before Rogers could be held liable for her injuries. Rogers, the defendant, was not required to prove that the standard of care had not been breached.

Sixteen witnesses testified during the course of this eight-day trial. Rogers testified on his own behalf regarding his knowledge of Marrow's condition, as well as the treatment he gave her during four separate periods of hospitalization. The jury had the duty of evaluating Rogers's credibility, as well as that of the other witnesses. Further, it had a right to accept Dr. Kirschner's testimony that Rogers had not violated the standard of care.

Even if the jury chose to disregard Dr. Kirschner's testimony, it was nevertheless entitled to find that Marrow had failed to meet her burden of proof. The jury could have rejected both parties' expert testimony, or, in weighing the testimony of the different experts in light of Rogers's testimony, it could have concluded simply that Marrow had not proved by a preponderance of the evidence that Rogers was negligent. Thus, granting Rogers the benefit of all conflicts in the evidence, we conclude that there was

credible evidence in support of the jury's verdict, and accordingly, we must reinstate it. *Graves*, 226 Va. at 169-70, 306 S.E.2d at 901.

For these reasons, we will reverse the judgment of the trial court and enter final judgment for Rogers.

*Reversed and final judgment.*