# CIRCUIT COURT OF THE CITY OF PETERSBURG

Tamela H. Webb

    v.

Charles William Smith, III, et al.

January 16, 2007

Case No. CL05-265

By Judge Pamela S. Baskervill

This matter comes before the court on the defendant's Motion for Judgment Notwithstanding the Verdict. The court has authority to set aside a jury's verdict in favor of the plaintiff and enter judgment for the defendant pursuant to Va. Code § 8.01-430. In *Bussey v. E.S.C. Rests. Inc.*, 270 Va. 531 (2005), the Supreme Court of Virginia held that the authority to do so may be exercised only if a jury verdict is plainly wrong or without credible evidence to support it. The Court stated as follows:

> Trial court judges must accord the jury verdict the utmost deference. If there is a conflict in the testimony on a material point or if reasonable people could differ in their conclusions of fact to be drawn from the evidence, or if the conclusion is dependent on the weight to be given to the testimony, the trial court may not substitute its conclusion for that of the jury merely because the judge disagrees with the result.

40

*Id.* at 534.

In *Brown v. Koulizakis*, 229 Va. 524 (1985), the Supreme Court of Virginia held that "the trial court should in every case overrule the motion [to strike challenging the sufficiency of plaintiff's evidence] where there is any doubt on the question." *Id.* at 531. It encouraged the trial court to create a complete record, noting that, after submitting the case to the jury and the return of a verdict for the plaintiff, the trial court had the option to set the verdict aside as being contrary to the evidence or without evidence to support it.

Accordingly, this court tried the case at hand to the jury after taking the defendant's motion to strike under advisement pending the jury's verdict. It was the intention of this court to address the motion if the jury found for the plaintiff so that the Supreme Court would have a complete record in the event of appeal to avoid any further delay and expense to the parties. According to the *Brown* case and to Va. Code § 8.01-430, *supra*, it is appropriate for this court now to consider setting aside the verdict if it finds that the verdict was without evidence to support it.

The plaintiff seeks to recover for medical negligence. In such cases, "the plaintiff ordinarily must prove through the use of expert testimony the applicable standard of care, a deviation from that standard, proximate causation, and damages." *Rogers v. Marrow*, 243 Va. 162 at 167 (1992). The issue is whether plaintiff presented sufficient evidence to show that the alleged breach of the standard of care by the defendant Dr. Smith proximately caused any of the plaintiff's claimed damages.

Plaintiff concedes that she presented no expert testimony regarding causation but argues that expert testimony on the issue of causation is unnecessary and impermissible. In support of this argument, Plaintiff contends that "it is easily inferred that because she did not receive the care that she had bargained for, the care that she had solicited, and the care that was agreed upon and that she continued to have pain problems and discomfort following the first surgery, the jury can certainly fairly infer from that that the second surgery was necessitated by that. Dr. Autry did testify that the breach of the standard of care was the failure to do the BSO and that that breach flows from the failure to abide by the consent agreement." (Trial transcript at 170:8-20.) In her Brief in Opposition, plaintiff argues as follows: "No technical issues are involved in assessing the causation of Mrs. Webb's injuries. A surgery that was supposed to be performed simply was not." (Brief in Opposition at 5:11-13.)

It appears to the court that this argument is misplaced. This cause of action is one for medical malpractice based on negligence, not breach of contract. Yet, the thrust of plaintiff's evidence and arguments supports a theory of failed expectations. The Supreme Court stated in *Filak v. George*, 267 Va. 612 (2004), as follows:

> As we explained in *Sensenbrenner v. Rust, Orling & Neale, Inc.*, 236 Va. 419, 425, 274 S.E.2d 55, 58 (1988), losses suffered as a result of a breach of a duty assumed only by agreement, rather than a duty imposed by law, remain the sole province of the law of contracts. . . . The primary consideration underlying tort law is the protection of persons and property from injury, while the major consideration underlying contract law is the protection of bargained for expectations. *Id.* . . . The law of torts provides redress only for the violation of certain common law and statutory duties involving the safety of persons and property, which are imposed to protect the broad interest of society. . . .

Plaintiff presented no evidence regarding causation of her damages relating to the second surgery other than that Dr. Smith had agreed to perform the medical procedures in the first surgery and failed to do so. Dr. Smith testified without contradiction that the plaintiff's ovaries were normal at the time of the first surgery. The Supreme Court has held that expert testimony to show causation in medical malpractice cases may be dispensed with only in those "rare cases in which a health care provider's act or omission is clearly negligent within the common knowledge of laymen." *Raines v. Lutz*, 231 Va. 110, 113 (1986), note 2 (citing *Easterling v. Walton*, 208 Va. 214, 218 (1967)). The court is of the opinion that the need for a subsequent surgery is not within the common knowledge of laymen and finds that expert testimony is required to show causation. The plaintiff presented no such testimony and no evidence of causation, and, accordingly, the verdict is without evidence to support it. The court sustains the defendant's motion to strike plaintiff's evidence and grants his Motion for Judgment Notwithstanding the Verdict.