## CIRCUIT COURT OF NELSON COUNTY

Janet G. Reynolds

v.

Michael S. Bucciantini et al.

December 16, 2008

Case No. CL06000113

By Judge J. Michael Gamble

I am writing to rule on the motions in limine filed by the parties. First, I grant the motion in limine of the defendant as to the testimony of Dr. Jesse L. Stem. In his deposition, Dr. Stem testified about his opinion of the cost of future spinal surgery. He said that this cost is just a "rough guesstimate" and "is just a crude estimate off the top of my head." The Supreme Court has held that expert testimony is not admissible if it is speculative or lacks a sufficient factual basis. *Bussey v. E.S.C. Rests. Inc.*, 270 Va. 531, 537, 620 S.E.2d 764 (2005). The testimony of Dr. Stem is both speculative and without foundation.

Plaintiff, in her second motion in limine, seeks to exclude a series of questions and answers with Dr. Stem about medical conditions or treatment for other conditions occurring prior to the accident. I sustain the motion as to page 37, line 13, through page 39, line 18. I overrule the motion at page 47, line 22, through page 48, line 10. On pages 37 through 39, Dr. Stem was asked about various medical conditions other than those resulting from the accident. There was no effort by counsel to have Dr. Stem testify whether or not any of these conditions would change his diagnosis. The Supreme Court of Virginia has upheld a trial court's refusal to allow cross-examination on issues that are not related to the injuries in the case. *Velocity Express Mid-Atlantic v. Hugen*, 266 Va. 188, 205, 585 S.E.2d 557 (2003).

The plaintiff's motion in limine is overruled as to the testimony of Dr. Stem on page 47 and 48. This is because the plaintiff testified in her deposition that she has an aching neck from time to time. While her deposition does not indicate that she "has an extensive history . . . of

cervical degenerative disease in her neck," I will assume that her other medical records support this statement.

The court overrules the third motion in limine of the plaintiff that seeks to exclude testimony of Dr. Stem on pages 39 and 40 concerning the physical therapy bills. On page 34, Dr. Stem testified that the bills were reasonable and necessary and a result of the accident on May 10, 2004. On pages 39 and 40, he testified that he did not go through each of the bills from Rehabilitation Associates. Neither counsel sought to have Dr. Stem go through each of the bills. Thus, this is purely a jury issue on proximate cause.

The plaintiff's fourth motion in limine as to Dr. Stem's testimony on pages 51 and 53 is sustained. The Supreme Court has held that a medical opinion based on "possibility" is irrelevant, speculative, and inadmissible. *Fairfax Hosp. Sys., Inc. v. Curtis*, 249 Va. 531, 535, 457 S.E.2d 66 (1965). Accordingly, the testimony of Dr. Stem on page 51, lines 1-5, and page 53, lines 5-14, is not allowed.

The fifth motion in limine of the plaintiff is sustained. At pages 51-52, defense counsel asked Dr. Stem a series of questions about activities of the plaintiff. None of these questions related these activities to a time before or after the motor vehicle accident that is the subject of this case. Further, Dr. Stem was not asked whether or not the plaintiff's performance of these activities would change his opinion. Accordingly, these questions and answers are irrelevant. *Velocity Express Mid-Atlantic, Inc.*, 266 Va. at 203-05.