# CIRCUIT COURT OF CHESTERFIELD COUNTY

Safwat Shehata

v.

Edward Rose
Development Co., L.L.C.

October 19, 2015

Case No. CL14-3987

By Judge David E. Johnson

The matter of *Safwat Shehata v. Edward Rose Devel. Co., L.L.C.*, came before the Court for trial by jury on October 7, 2015. During consideration of jury instructions, Rose Development proffered to the Court instructions regarding the assumption of the risk. Rose Development's proposed Instruction "U" read as follows:

> If you find by the greater weight of the evidence that the plaintiff fully understood the nature and extent of a known danger, and if he voluntarily exposed himself to it, he assumed the risk of injuring himself from that danger. The plaintiff cannot recover for injuries that proximately resulted from assuming the risk of a known danger.

Rose Development's proposed Instruction "V" read as follows:

> Where the defendant claims assumption of the risk as a defense, he has the burden of proving by the greater weight of the evidence that the plaintiff fully appreciated the nature and the extent of a known danger; that the plaintiff voluntarily exposed himself to it; and that the plaintiff was injured as a result of the danger assumed. Assumption of the risk may

be shown by the defendant's evidence or by the plaintiff's evidence.

Counsel for Mr. Shehata objected to these instructions. The Court heard argument and reviewed cases submitted by Mr. Shehata. The Court overruled Mr. Shehata's objection and included Assumption of Risk instructions "U" and "V" as Instructions 15 and 16, respectively. The jury was so instructed by the Court. The jury returned a verdict in favor of Mr. Shehata and assessed damages in the amount of $100,000.

Mr. Shehata moves this Court to set aside the jury's award of damages. Mr. Shehata bases his motion on two grounds: (1) the Court erred in instructing the jury on the issue of Assumption of Risk; and (2) the verdict is inadequate as a matter of law. The Court received and considered memoranda from both parties.

### The Assumption of Risk Instruction

It is well established that "[a] jury instruction may be given only if there is evidence to support the instruction." *Van Buren v. Simmons*, 235 Va. 46, 51 (1988).

> A litigant is entitled to jury instructions supporting his or her theory of the case if sufficient evidence is introduced to support that theory and if the instruction correctly states the law. The evidence presented in support of a particular instruction "must amount to more than a scintilla." "It is immaterial that the jury could have reached contrary conclusions. If a proffered instruction finds any support in credible evidence, its refusal is reversible error."

*Schlimmer v. Poverty Hunt Club*, 268 Va. 74, 78 (2004) (internal citations omitted). The issue before the Court in ruling on Plaintiff's objection to the instructions is whether sufficient evidence was presented to the jury to support the theory of assumption of the risk.

Assumption of the risk has two requirements: "the nature and extent of the risk must be fully appreciated and the risk must be voluntarily incurred." *Amusement Slides v. Lehmann*, 217 Va. 815, 819 (1977). Assumption of the risk is "the voluntary assumption of a known hazard." *Shook Co. v. Barksdale*, 206 Va. 45, 48 (1965). The case before the jury involved Mr. Shehata's slipping and falling in snowy or icy conditions in the parking lot of Rose Development's apartment complex. Mr. Shehata presented evidence regarding the number of times he walked from his apartment to his car and back during the wintery conditions prevailing at that time. He testified about the way he walked, specifically pointing out the caution he took when walking in the parking lot. He testified about the type of shoes he wore on the night of the accident. Mr. Shehata presented a number of witnesses

who testified as to the conditions in the parking lot. One witness testified about an ongoing running water issue predating and separate from the winter conditions. Rose Development presented evidence regarding efforts to plow the snow in the parking lot and spread sand and chemicals. Rose Development presented evidence that freeze warning signs were posted throughout the complex. Mr. Shehata presented photographs showing icy conditions; Rose Development presented photographs showing clear conditions.

From this testimony and all of the surrounding circumstances, the Court decided that more than a scintilla of evidence had been presented supporting Rose Development's theory of assumption of risk. As such, it was for the jury to decide whether Mr. Shehata assumed the risk.

The Court found further guidance in *Langhorne Road Apartments, Inc. v. Bisson*, 207 Va. 474 (1966), a case with facts virtually indistinguishable from the case at bar.

The plaintiff in *Bisson* "sought the recovery of damages for personal injuries sustained . . . when he slipped on some snow and ice and fell on a sidewalk controlled and maintained by the defendant." *Id.* at 475. Mr. Shehata sought recovery of damages for the same reasons, the only difference being that his fall took place in the parking lot. The plaintiff in *Bisson* alleged "that the defendant was negligent in allowing snow and ice to remain on the sidewalk." *Id.* Mr. Shehata made the same allegation. The plaintiff in *Bisson* was returning home from work, observed spots of snow and ice, was wearing shoes with rubber soles, was "watching where [he] was going" and being "pretty careful to avoid a fall if possible." *Id.* at 475-76. Mr. Shehata was departing home for work, observed spots of snow and ice, was wearing tennis shoes with treaded soles, and testified he was walking carefully. The plaintiff in *Bisson* testified that his "feet went out from under" him. *Id.* Mr. Shehata testified that one foot went out from under him. This Court stated during argument about the instruction that Mr. Shehata's name could be substituted in the *Bisson* case and the factual record of that case would hardly change.

The defendant in *Bisson* contended that the plaintiff, as a matter of law, assumed the risk of walking on the sidewalk. *Id.* at 480. The Supreme Court of Virginia stated that it could not be said, as a matter of law, that plaintiff's actions were "venturous or careless," and ruled that, "[f]rom this testimony and all of the surrounding circumstances of the case, it was for the jury to say whether the plaintiff assumed the risk or was guilty of contributory negligence." *Id.* at 480-81.

The Court finds that the proffered instructions on assumption of the risk found support in credible evidence and it was for the jury to decide whether the plaintiff assumed the risk.

*The Award of Damages*

Mr. Shehata moves the Court to set aside the jury's award of damages on the additional ground that the verdict is inadequate as a matter of law. Counsel orally repeated his argument that there was no credible evidence to support the theory of assumption of risk and further argued that the assumption of risk instruction influenced the jury's assessment of damages. Counsel argued by memorandum that, "[b]ecause none of the evidence relating to Mr. Shehata's damages was contested, the jury had no basis to believe that only a portion of the Plaintiff's damages were reasonably related to the accident."

This Court's authority to set aside a jury verdict is explicit and narrowly defined. "Such authority may be exercised only if a jury verdict is plainly wrong or without credible evidence to support it." *Jenkins v. Pyles*, 269 Va. 383, 388 (2005) (internal citations omitted). The Supreme Court of Virginia has articulated the principles that guide the Court in determining whether an award by a jury is inadequate as a matter of law.

> (1) the amount of a verdict is within the jury's discretion, and when arrived at upon competent and proper instructions, is inviolate; (2) when evaluating the amount of the jury verdict, all reasonable inferences must be drawn in favor of the verdict rendered; and (3) if, based on the evidence, the jury was entitled to believe that only a portion of the damages claimed were reasonably related to the accident, then the verdict cannot be set aside by the trial court as inadequate as a matter of law.

*Richardson v. Braxton-Bailey*, 257 Va. 61, 63 (1999) (internal citations omitted). Mr. Shehata alleged medical expenses totaling $53,390.28 and lost wages of $5,727.70 for a total of $59,117.98. He also asserted pain, injury, suffering, and inconvenience. He asked the jury to assess damages in the amount of $350,000. The jury awarded damages in the amount of $100,000.

The jury's award exceeds the amount of Mr. Shehata's special damages. The amount of compensation for pain and suffering is within the discretion of the jury. *Dinwiddie v. Hamilton*, 201 Va. 348, 352 (1959). The Court may not interfere with the award of damages "unless it appears from the record that the jury has been influenced by partiality or prejudice, or have been misled by some mistaken view of the merits of the case." *Id.* The Court finds nothing in the record of this case to support the conclusion that the jury's award of damages was the result of improper influences or a mistaken view of the merits of the case.

The Court cannot assume that the jury inappropriately considered the assumption of risk instruction in assessing damages. The jury was instructed that the assumption of risk is a complete defense. It was instructed that

the "plaintiff cannot recover for injuries that proximately resulted from assuming the risk of a known danger." If the assumption of risk instruction was dispositive to the jury, its only option was to render a verdict for the defendant. This it did not do.

The only remaining consideration for the Court is whether the jury's award was in an amount so small "as to shock the conscience and to create the impression that the jury has been influenced by passion or prejudice or has in some way misconceived or misinterpreted the facts or the law." *Downer v. CSX Transp., Inc.*, 256 Va. 590, 594 (1998). The Court finds nothing in the record of this case to support that conclusion.

## Decision

"The right to a trial by a jury in a civil case is constitutional in origin. . . . A jury's verdict should be set aside only where it is plainly wrong or there is no credible evidence in the record to support that verdict." *Bussey v. E.S.C. Restaurants, Inc.*, 270 Va. 531, 538 (2005). Such circumstances do not exist in this case. Plaintiff's motion to set aside the jury verdict is denied.