## CIRCUIT COURT OF FAIRFAX COUNTY

Vida Kian-Pourian

    v.

Monica Perez

Case No. CL-2014-557

Masoud Kian-Pourian

    v.

Monica Perez

Case No. CL-2014-9367

May 28, 2015

BY JUDGE JANE MARUM ROUSH

These matters came before the court on January 23, 2015, on the plaintiffs' motions to set aside the verdicts and requests for a new trial on the issue of damages. As I was not the trial judge, it was necessary for a transcript of the trial to be produced in order for me to be able to rule on the motions. The trial judge was Judge Maxfield, who retired effective December 31, 2014. Trial was held on December 15 and 16, 2014. I have now received and read the trial transcripts. For the reasons stated below, the motion for a new trial will be granted in the case of Vida Kian-Pourian and denied in the case of Masoud Kian-Pourian.

### Background

The plaintiffs Masoud Kian-Pourian ("Mr. Kian-Pourian") and Vida Kian-Pourian ("Mrs. Kian-Pourian") are husband and wife (collectively, the "Plaintiffs"). Mrs. Kian-Pourian alleged in her complaint that, on July 1, 2012, Mr. Kian-Pourian was operating a motor vehicle on the Fairfax County Parkway in Fairfax County, Virginia. Mrs. Kian-Pourian was a passenger. Their vehicle was struck by a vehicle negligently operated

by the defendant Monica Perez. Ms. Kian-Pourian claimed that she was injured as a result of the accident and sought damages in the amount of $500,000. In his bill of particulars, Mr. Kian-Pourian claimed that he also was injured in the accident and sought damages in the amount of $25,000. Mr. Kian-Pourian's case originated in the General District Court for the County of Fairfax.

The two cases were consolidated for trial. The Defendant admitted liability for the accident, but denied that her negligence was a proximate cause of the Plaintiffs' injuries. At the conclusion of a two-day jury trial, the jury returned a verdict in favor of the Defendant in both cases.

The Plaintiffs now move for a new trial limited to the issue of damages.

### Discussion of Authority

The Supreme Court of Virginia has enunciated the standard for granting a motion for a new trial after a jury verdict:

> A trial court is authorized to set aside a jury verdict only if it is plainly wrong or without credible evidence to support it. This authority is explicit and narrowly defined. Trial court judges must accord the jury verdict the utmost deference. If there is a conflict in the testimony on a material point, or if reasonable people could differ in their conclusions of fact to be drawn from the evidence, or if the conclusion is dependent on the weight to be given to the testimony, the trial court may not substitute its conclusion for that of the jury merely because the judge disagrees with the result. In reviewing the evidence, we will accord the recipient of the verdict the benefit of all substantial conflicts of evidence, and all fair inferences that may be drawn from the evidence.

*21st Century Sys. v. Perot Sys. Gov't Servs.*, 284 Va. 32, 41-42, 726 S.E.2d 236 (2012).

### The Evidence at Trial

In this case there was no dispute that Mrs. Kian-Pourian was injured in the accident. The only dispute was as to the nature and extent of her injuries.

Dr. Michael O'Brien, an orthopedic surgeon, testified as the Defendant's expert. He agreed that Mrs. Kian-Pourian was injured in the accident:

> Q: So, you would agree with me that Mrs. Kian-Pourian was, in fact, injured in this accident? You just disagree with the nature and extent [of her injury]?
>
> A: Yes.

Trial Transcript, vol. 2, at p. 44.

Given that it is undisputed that Mrs. Kian-Pourian was injured in the accident, she was entitled to some compensation. A jury verdict in favor of the Defendant under these circumstances is plainly wrong. "Certainly, at a minimum, this plaintiff experienced pain, suffering, and inconvenience as a result of the defendant's negligence and was entitled to compensation for these elements of damage." *Bowers v. Sprouse*, 254 Va. 428, 431, 492 S.E.2d 637 (1997). *Bowers v. Sprouse* differs from this case in that the jury in *Bowers* found for the plaintiff, but awarded only the exact amount of her special damages. The Supreme Court held that the verdict was inadequate as a matter of law because, although the jury concluded Bowers was injured in the accident, nothing was awarded for the plaintiff's non-special damages.

There was no such concession by Dr. O'Brien that Mr. Kian-Pourian was injured in the accident. Having reviewed the trial testimony, the court concludes that the jury could have reasonably determined that Mr. Kian-Pourian was not at all injured in the accident, despite the Defendant's admission of liability.

## Conclusion

For the foregoing reasons, the court today has entered an order, granting Mrs. Kian-Pourian's motion for a new trial and denying Mr. Kian-Pourian's motion for a new trial.