[2] The record in this case indicates that a spinal cord stimulator is composed of an implanted pulse generator that sends electronic pulses to the spine via a connecting cable attached to an electrode placed in the spinal canal. The patient controls the strength of the impulses with a remote programmer.
[3] The parties also disputed the force of the impact. Clem's husband, who was driving the vehicle in which she was riding, testified that the force of the impact was hard enough to break the driver's seat. Cosby described the impact as "minimum" and compared it to a bump in a parking lot. Cosby introduced photographs depicting the conditions of the vehicles observed by him after the accident.
[4] The jury was instructed:
In determining the damages to which the plaintiff, Susan Clem, is entitled, you shall consider any of the following which you believe by the greater weight of the evidence was caused by the negligence of the defendant, Glen Cosby:
(1) any bodily injuries she sustained and their effect on her health according to their degree and probable duration;
(2) any physical pain and mental anguish she suffered in the past;
(3) any disfigurement or deformity and any associated humiliation or embarrassment;
(4) any inconvenience caused in the past;
(5) any medical expenses incurred in the past.
Your verdict shall be for such sum as will fully and fairly compensate the plaintiff, Susan Clem, for the damages sustained as a result of the defendant's negligence.
[5] During the jury's deliberation, the jury submitted the following question to the circuit court: "How much of these expenses were actually paid out of pocket by the plaintiff?" In response, the circuit court informed the jury it could not answer the question and instructed the jury to make a decision based upon the evidence it heard and the exhibits that were produced. Clem asserts that "the jury's consideration of a matter not before them" was "made clear" by this question. We disagree and will not assume that the jury deliberately ignored the instruction of the circuit court. See Raisovich v. Giddings, 214 Va. 485, 487-88, 201 S.E.2d 606, 608 (1974).
[6] Our holding that the circuit court erred in setting aside the verdict in the first trial renders it unnecessary for us to address the remaining assignments of error.
--------